STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of | } | |
| Wilson, <u>et al.</u> | } | Docket No. 170-9-99 Vtec |
| | } | |
| | } | |
| | | |
| | } | |
| In re: Appeal of | } | |
| Burlington Bikeways, Inc. | } | Docket No.45-2-00 Vtec |
| (Murray, <u>et al.</u>, cross-appellants) | } | |
| | } | |

<u>Order on Motion for Reconsideration of Condition 2(D) Re: Blinking Lights</u>

On May 3, 2000, the Court issued an order granting conditional use approval and site plan approval for improvements related to the operation of a seasonal bicycle ferry across the mouth of the Winooski River at Delta Park, for other improvements in Delta Park and signage and bicycle path improvements on Windemere Way, Biscayne Heights, Buckingham Drive and Airport Road (also known as Colchester Point Road).

A group of neighborhood residents are represented by Paul S. Gillies, Esq.; the Winooski Valley Park District is represented by Jennifer Ely, who is not an attorney; Burlington Bikeways, Inc. is represented by Gary W. Lange, Esq.; the Town of Colchester is represented by Richard C. Whittlesey, Esq.; and the City of Burlington is represented by Jessica Oski, Esq.

Based on evidence that vehicles fail to observe and obey the new three-way stop sign intersection, especially for vehicles traveling toward the intersection on Windemere Way, Condition 2(D) of the May 3, 2000 decision required a revised signage plan to include a yellow blinking light operable sunrise to dusk on Windemere Way at or near location 7 on Exhibit 18-2, warning of the stop sign ahead, and to include a red blinking light operable sunrise to dusk at the three-way stop sign intersection. The Court proposed this daytime operation to provide additional warning of the stopping requirement during times when the

1

bicycle ferry and state fishing access are in operation, without creating the visual nuisance of a light blinking all night long for the neighboring residents.

The Town now moves the Court to delete this requirement, supported by an affidavit from the Town's traffic expert stating that a red blinking light which is not operated at all times violates the standards of the "Manual on Uniform Traffic Devices" which governs state and local traffic regulations. The affidavit also states that a blinking yellow light at the other proposed location is not warranted and will not improve traffic safety, but does not state that it would violate any traffic signage standard. The affidavit suggests that the existing warning sign on Windemere Way be moved toward Airport Road away from the curves on Windemere Way.

The group of neighbors filed a response opposing the removal of "the blinking light" and stated a preference for retaining "the light" even if it means the light's all-night operation, but did not contest the affidavit and did not distinguish between the proposed yellow blinking light on Windemere Way and the proposed red blinking light at the three-way stop sign intersection. The remaining parties supported the Town's motion.

The purpose of both blinking light requirements in the Decision and Order was to assure that motorists approaching the three-way stop sign intersection have adequate warning of the fact that stop signs are located there, and therefore have enough time to stop at that intersection. It may be possible to achieve that result without the blinking lights, if sight distances to the stop signs are improved and adequate warning signs are installed.

Accordingly, the Town's motion is GRANTED as follows. The finding found in the last sentence in the first (incomplete) paragraph on page 5 of the May 3, 2000 Decision and Order is hereby amended as follows (new material is shown in **bold type**):

Because it is a recent change in the signage and because there is little warning of the upcoming stop sign for vehicles on either of these streets, **due in part to vegetation blocking an adequately distant view of the stop signs and in part to the curvature of the streets approaching the stop signs**, vehicles have been observed to go through the stop sign without stopping.

2

Two portions of Condition 2: its introductory paragraph and its subparagraph (D), are hereby amended as follows (new material is shown in **bold type**):

      2.     Before the bicycle ferry may be placed into operation, all the signage required for the bicycle path within the neighborhood shall be installed, and a traffic enforcement plan shall be proposed by the Town. **Vegetation shall be trimmed and maintained as necessary so that motorists approaching the three-way stop sign intersection have adequate sight distances to see that stop signs are located there, and therefore to have enough time to stop at that intersection.** A revised signage plan, including the enforcement plan, shall be presented to and approved by the Planning Commission. At a minimum, that revised signage plan shall include:

      \* \* \*

      (D) **two warning signs warning that a stop sign is ahead: one to be located on Windemere Way for cars approaching the three-way stop sign intersection, at the revised location recommended by the Town's traffic expert as stated in the affidavit to the motion filed on May 17, 2000, and one to be located on Biscayne Avenue for cars approaching the three-way stop sign intersection, at a location to be recommended by the Town's traffic expert. Any party may request further conditions, including daytime yellow blinking lights, as provided under Condition 1 based upon the behavior of vehicles at the intersection.**

Dated at Barre, Vermont, this 12th day of June, 2000.

_____

Merideth Wright
Environmental Judge